IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID M. NICHOLS | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv189 |
| GARY L. JOHNSON | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

David M. Nichols, a prisoner incarcerated within the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, filed this petition for writ of habeas corpus.

The court heretofore ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R.

C<small>IV</small>. P. 72(b).  After careful consideration, the court concludes the objections are without merit.[1]

O R D E R

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered dismissing the petition.

SIGNED at BEAUMONT, Texas, on this the 27 day of July, 2005.

HOWELL COBB
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner asserts that as his claims are based on two recent decisions of the United States Supreme Court, *United States v. Booker*, 125 S.Ct. 738 (5th Cir. 2004) and *Blakely v. Washington*, 542 U.S. 296 (2004), which he states apply retroactively to cases on collateral review, the period of limitations should begin to run not when his conviction became final, as the magistrate judge stated, but when the rights set forth in *Blakely* and *Booker* were first recognized.  However, as the decisions in *Blakely* and *Booker* do not apply retroactively to cases on collateral review, *Padilla v. United States*, ___ F.3d ___, 2005 WL 1595291 (5th Cir. July 8, 2005), the period of limitations began to run when petitioner's conviction became final.